IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

RAYSHUN DAMORROW TORBERT          *

     Petitioner,          *

      v.          * CIVIL ACTION NO. 3:02-CV-1385-F
                              (WO)

MICHAEL W. HALEY, *et al.*,          *

     Respondents.          *

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.  Introduction and Procedural History

Rayshun Torbert ("Torbert"), by and through counsel, filed this  28 U.S.C. § 2254 petition for habeas corpus relief  on December 19, 2002,  challenging  a murder conviction imposed upon him by the Circuit Court for  Lee County, Alabama, on February 17, 1998. Following a trial by jury, Torbert received a sentence of life imprisonment on April 9, 1998. He filed a motion for new trial on April 28, 1998,  which the trial court denied on May 7, 1998.  The trial court granted trial counsel's request to withdraw on May 8, 1998.

On direct appeal, Petitioner raised the following claims for relief:

1.  The trial court committed reversible error when it failed to give a theory of defense jury instruction on criminally negligent homicide;

2.  The evidence was insufficient to support a conviction for murder;

3.  The admission of opinion testimony beyond the area of expertise and which

addressed the ultimate issue of the case constituted reversible error;

    4.  The court's limitation of evidence of the deceased's character denied Petitioner his Sixth Amendment right to cross examination; and

    5.  The cumulative effect of the trial errors denied Petitioner his right to a fair trial. On January 15, 1999 the Alabama Court of Criminal Appeals affirmed Petitioner's conviction and sentence. That court denied his application for rehearing on March 26, 1999, and the Alabama Supreme Court denied Petitioner's petition for writ of certiorari on August 20, 1999.  (Doc. No. 14, Exhs. B, D, E, G.)

    On February 24, 2000 Torbert filed a state post-conviction petition pursuant to Rule 32, Alabama Rules of Criminal Procedure.[1] By written order filed October 12, 2000, the trial court denied Torbert's Rule 32 petition.  The trial judge stated that, upon independent recollection of the trial, he found that trial counsel's efforts "met the highest standards of the legal profession and [were] more than adequate in every respect."  The trial court further determined that the "jury's guilty verdict was appropriate given the facts of the case" and that there was "no evidence that the other gun found in the residence was involved in any manner in the incident which resulted in the death of the victim."  (Doc. No. 14, Exh. H, pg. 160.)

---

[1]In this petition, Torbert raised numerous allegations of ineffective assistance of trial and appellate counsel. The trial court issued an order May 18, 2000 stating that a hearing was held on that date to determine the issues that would be considered in connection with the Rule 32 petition.  The order noted that an evidentiary hearing was scheduled for July 31, 2000 and the issues that would be heard were 1) the issue with respect to an alleged plea agreement, 2) the issues as to which lawyer was expected to try Petitioner's case, 3) the issue concerning the failure to test a pistol found at the scene of the murder.  On August 3, 2000 Petitioner filed a supplement to his Rule 32 petition alleging that trial counsel was ineffective for failing to request that the pistol found at the scene of the murder be tested. (Doc. No. 14, Exh. H.)

On appeal from the denial of his Rule 32 petition, Torbert submitted the following claims for review:

1. The Rule 32 court erred in denying Petitioner's request that a pistol found at the scene of the shooting be examined and tested by the Department of Forensic Sciences;

2. The appellate court used the wrong standard of review with respect to Petitioner's claims of ineffective assistance of trial counsel;

3. Petitioner's attorneys provided ineffective assistance of counsel at trial and on appeal.

The Alabama Court of Criminal Appeals affirmed the lower court's decision in a written opinion filed May 24, 2002.  Torbert's application for rehearing was overruled by the appellate court on July 12, 2002.  The Alabama Supreme Court denied Petitioner's petition for writ of certiorari on September 13, 2002.  (Doc. No. 14, Exhs. I, K-O.)

In this federal habeas petition, Torbert asserts the following claims for relief:

    1.    The post-conviction court erred in denying Petitioner's request that a pistol found at the scene of the shooting be examined and tested by the Department of Forensic Sciences;

    2.    Trial counsel provided ineffective assistance because the attorney who tried Petitioner's case was not Petitioner's choice of counsel;

    3.    Trial and appellate counsel were ineffective for failing to raise Issue 2 at trial or on appeal;

    4.    Trial counsel failed to have the pistol found at the scene of the shooting examined and tested;

    5.    Trial counsel failed to have photographs admitted

into evidence which would have shown that a
a struggle did occur between the victim, Petitioner
and his co-defendant as testified to by Petitioner
and his co-defendant in support of their self-defense
argument;

6.     Trial counsel failed to make a proper objection
to an expert witness' testimony regarding an
ultimate issue in the case;

7.     Appellate counsel raised on appeal  the issue of
trial counsel's failure to make a proper objection
to the expert witness' testimony but "alternatively,
[appellate counsel] were ineffective for failing to
raise this issue on appeal" where the claim was not
preserved for review.

8.     Trial counsel failed to make a proper objection
regarding improper questioning by the prosecutor
and thus failed to preserve this issue for
review on appeal;

9.     Appellate counsel was ineffective for failing to
raise Issue #8 on appeal;

10.    Trial counsel failed to establish for the record that
the victim had a reputation for carrying a weapon
and that Petitioner knew this before the crime
occurred and thus, counsel failed to preserve this
issue for review on appeal;

11.    Trial counsel was ineffective for failing to: 1) cross-
examine witness Anita Core regarding the victim's
reputation in the community for violence or her
opinion of the victim's character, 2) ask witness
Willie Frazer on direct examination about the victim's
reputation in the community for violence and his opinion
of the victim's character,  and 3) establish that these
witnesses believed that the victim had a reputation for
peaceableness so that counsel could have asked
these witnesses of numerous specific acts that

4

they and others knew about concerning the victim;

12.    Appellate counsel raised Issue #11 on appeal but
       alternatively, they were ineffective for raising this
       claim on appeal where it was not preserved for review.

## II.  DISCUSSION

### A.  Exhaustion of State Remedies

Under *Rose v. Lundy*, 455 U.S. 509, 510 (1982), before a Petitioner may seek habeas

relief in federal court, he must exhaust each claim presented to the federal court by pursuing

remedies available in state court.  This exhaustion requirement is satisfied by seeking review

of the claim in the highest state court with jurisdiction to consider the claim.  *O'Sullivan v.*

*Boerckel*, 526 U. S. 838 (1999); 28 U.S.C. §2254(b) and (c).  In Alabama, this may be

accomplished by raising certain claims on direct appeal and by way of post-conviction

proceedings.  Exhaustion is not required if, at the time a federal habeas corpus petition is

filed, petitioner has no available state remedy.  *Teague v. Lane*, 489 U. S. 288, 297-98

(1989).  Petitioner's claims will be considered exhausted for the purposes of federal habeas

review.

### B.  Disposition of Claims

In their answers filed with this court, Respondents maintain that to the extent

Petitioner's claims are the same claims addressed by the state courts, he is entitled to no relief

as these claims were properly adjudicated on the merits by the state courts.  *See Williams v.*

*Taylor*, 529 U.S. 362, 404-05 (2000).  Respondents contend that Petitioner's claim that the

trial court should have granted his request to examine and test a pistol found at the scene of

the crime is an issue of state law, and thus, fails to provide a basis for habeas relief. Respondents further assert that Petitioner's challenge to the generic nature of the trial court's order denying his Rule 32 petition is without merit and the rulings issued by the state court's with regard to testing the Rossi pistol are due deference from this court.  Respondents further argue that Petitioner's claim that he was not represented at trial by counsel of his choice is procedurally defaulted as the last state court to address the claim determined that it was procedurally defaulted.  *See Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002); *Holladay v. Haley*, 209 F.3d 1243, 1254 n. 9 (11th Cir. 2000); *Collier v. Jones*, 901 F.2d 770, 773 (11th Cir. 1990).  With regard to Petitioner's remaining claims of ineffective assistance of trial and appellate counsel, Respondents contend that such claims were properly adjudicated on the merits by the state courts.  (Doc. Nos. 13, 26.)

Petitioner was provided an opportunity to file responses to the answers of Respondents and has done so.  Upon review of the § 2254 petition, the answers of Respondents and Petitioner's responses, the court concludes that no evidentiary hearing is required and that the petition is due to be denied in accordance with the provisions of Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

### C.  Procedural Default

Torbert alleges that his Sixth and Fourteenth Amendment rights were violated when the "experienced attorney he hired to represent him did not try his case."  The Court of Criminal Appeals noted that this particular claim, in essence, was an allegation that Torbert did not receive the counsel of his choice.  Concluding that this particular claim should have

been raised before trial, during trial, or, at the latest, in motion for new trial, the appellate court found it precluded. (Doc. No. 14, Exh. K, pg. 24.)

This court may reach the merits of Torbert's procedurally defaulted claim only if he shows either (1) cause for the procedural default and actual prejudice arising out of the violation of federal law, *Coleman v. Thompson*, 501 U.S. 722 (1991), or (2) a resulting fundamental miscarriage of justice if the federal court does not consider the merits of the claims. *Schlup v. Delo*, 513 U.S. 298, 320 (1995). Petitioner first alleges that the procedural default doctrine should not apply to his defaulted claim because "the procedural ruling on the underlying issue was not adequate, was applied in an arbitrary or unprecedented fashion by the Court of Criminal Appeals, and it is manifestly unfair based on [the] record in [Petitioner's] case." (Doc. No. 31, pg. 4.)   On the record before it, the court finds that the procedural bar asserted by the state court rested on independent and adequate state grounds based on the state's application of procedural rules and was not applied in an arbitrary or unprecedented fashion.  Petitioner failed to properly exhaust his "counsel of choice" claim in the state courts and now is barred by firmly established and consistently applied state procedural rules from raising it.  The claim is procedurally defaulted, and this court's review is precluded by this adequate and independent state procedural ground. *Harris v. Reed,* 489 U.S. 255, 263 (1989).

Torbert also argues that the cause and prejudice exception should apply because ineffective assistance of trial and appellate counsel prevented him from raising the claim that he was denied the counsel of his choice. In order demonstrate cause and prejudice based on

7

a claim of ineffective assistance, a petitioner must show that counsel's performance was "so ineffective as to violate the Federal Constitution." *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000). In other words, a petitioner seeking to show ineffective assistance as the cause of a default must prove that his counsel was ineffective under the standard set forth in *Strickland v. Washington*, 466 U.S. 684 (1984). If Petitioner cannot prevail on a separate ineffective assistance of counsel claim, then he cannot prevail on an argument that ineffective assistance caused the procedural default. *See id.* It is clear, for the reasons discussed, *infra*, that Torbert cannot show that his lawyers were ineffective for failing to raise the claim that he was denied the counsel of his choice.[2] Therefore, his failure to present the issue in the state court cannot be excused, and the procedural default applies.[3]

Although Torbert has demonstrated neither cause for his failure to present the defaulted claim to the state courts in compliance with applicable procedural rules nor the existence of actual prejudice emanating from infringement of federal law, this court may still reach the merits of his defaulted claim in order to prevent a fundamental miscarriage of justice.

---

[2]Clearly, trial counsel is not expected to challenge his own performance.

[3]To the extent Petitioner alleges a lack of education and/or ignorance of the law as cause for his default, such argument is also unavailing. To establish cause excusing a procedural default, a petitioner must show that the default resulted from some objective factor external to the defense that prevented him from raising the claim and which cannot be fairly attributable to his own conduct, *Murray v. Carrier*, 477 U.S. 478, 488 (1986), or that the defaulted claim(s) raises an issue that was intrinsically beyond a *pro se* petitioner's ability to present. *Smith v. Newsome*, 876 F.2d 1461, 1465-66 (11th Cir. 1989) (petitioner's argument that his status as a *pro se* litigant established cause for his procedural default unpersuasive). Thus, Petitioner's inexperience, lack of education, and/or ignorance of the law does not excuse his procedural default as these alleged impediments are not objective factors external to Petitioner within the meaning of *Murray v. Carrier*, *supra*.

The miscarriage of justice standard is directly linked to innocence. *Schlup v. Delo*, 513 U.S. at 321. Innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted. *Id.* at 315. This exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Schulp v. Delo*, *supra*. "To establish actual innocence, [a] petitioner must demonstrate that . . . 'it is more likely than not that no reasonable juror would have convicted him.'" *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup*, 513 U.S. at 327-328). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Id.* at 623-624 (*citing Sawyer v. Whitley*, 505 U.S. 333, 339 (1992))."

*Schlup* observes that

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

513 U.S. at 324.

Torbert has failed to make the requisite showing of actual innocence. He has presented no evidence nor suggested that any exists which could satisfy the standard set forth in *Schlup*. Consequently, Petitioner's procedurally defaulted claim is foreclosed from federal habeas review.

### D.  Standard of Review

To prevail on his § 2254 claims, Torbert must show that a decision by the Alabama state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(1) & (2);[4] *see Williams v. Taylor*, 529 U.S. at 412-13. A state court's decision can be "contrary to" federal law either (1) if it fails to apply the correct controlling authority, or (2) if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but nonetheless reaches a different result.  *Id*. at 405-06.  A state court's decision can involve an "unreasonable application" of federal law if it either (1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or (2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable.  *Id*. at 407.  "Federal habeas relief is available under the 'unreasonable application' standard only if the state court's application of clearly established federal law

---

[4]28 U.S.C. § 2254(d) provides that:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim adjudicated on the merits in State court proceedings unless the adjudication of the claim:

(1)      resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or

(2)      resulted in a decision based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceedings.

was 'objectively unreasonable.'" *Parker v. Head*, 244 F.3d 831 (11th Cir. 2001) (*citing Williams*, 529 U.S. at 409). It is the objective reasonableness, not the correctness *per se*, of the state court decision that this court must decide. *See Williams*, 529 U.S. at 411. Further, a state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "However, the statutory presumption of correctness applies only to findings of fact made by the state court, not to mixed determinations of law and fact." *Parker*, 244 F.3d at 835 (*citing McBride v. Sharpe*, 25 F.3d 962, 971 (11th Cir. 1994)).

### E.  The Issues

*1.  The Rule 32 Court's Decision Regarding Petitioner's Discovery Request*

Torbert contends that the post-conviction court erred when it denied his request to have a pistol found at the scene of the crime tested and examined by the Department of Forensic Sciences. Respondents argue that this claim is a state law issue. To the extent this claim arises solely under the purview of state law, it fails to provide a basis for federal habeas relief as such action does not implicate the Constitution. To the extent Torbert bases this claim on alleged violations of state law, he is likewise entitled to no relief as a state court's interpretation of its own laws and rules provides no basis for federal habeas relief. *Beverly v. Jones*, 854 F.2d 412 (11th Cir. 1988). A federal court has no authority to re-examine state court determinations on questions of state law. *Estelle v. McGuire*, 502 U.S. 62 (1991).

To the extent Torbert claims that the limitation on discovery with respect to the testing

11

of the weapon in question violated his right to due process, such claim must be rejected as well. In addressing this particular claim on appeal of Tolbert's Rule 32 petition, the appellate court utilized a "good cause" standard of review by which to judge post-conviction discovery motions.(Doc. No. 14, Exh. K pgs. 8-9.)   In utilizing this standard with respect to Torbert's discovery request, the Court of Criminal Appeals determined:

> Torbert claims that the circuit court should have granted his request to have produced for examination a .38 caliber weapon that was found at the scene of the crime under the mattress of Bennie Thomas, the owner of the dwelling where the crime occurred.  Bullets were found at the scene imbedded in the floor.  Some of the bullets were not attributed to any particular weapon identified at trial.

> Torbert argues that, because both he and his co-defendant testified that the victim had a violent history and that the defendants were struggling with the victim over a weapon, the gun under Thomas's mattress could have belonged to the victim and could have been the gun that discharged bullets into the floor, thus proving that the victim had a gun and that a struggle occurred.

> . . .

> During the [Rule 32] hearing, the lead detective in this case, James Majors, who had arrived at the scene of the crime approximately twenty to thirty minutes after the shooting, testified that he was present when the weapon in question was recovered from under the mattress.  Majors testified that the gun was in a leather holster and "it was obvious that it had not been fired in quite some time."  ( R. 72.)  He also testified that there was "a dust bunny, spider web type stuff in the gun" and that the weapon was in a condition that was "consistent with it having been where it was for quite some time."  (R.73.)  Majors testified that, at trial, when he testified that the gun was "clean," he did not mean that the gun was not dusty; rather, he meant that there was no gun powder residue on the gun. Majors also testified that the weapon in question was discussed at length in front of the jury by attorneys for both defendants.

> Other than the discussion of the word "clean" and what Majors meant by that word at trial, Torbert has offered no evidence that Majors's testimony was false.  Because the witness testified that it was clear that the weapon had not

12

been fired in a very long while, the weapon could not have been involved in a shooting less than an hour prior to the examination of the weapon. Therefore, Torbert failed to show good cause why his post-conviction motion for discovery should have been granted, and the circuit court appropriately denied the motion, and this claim is without merit.

Additionally, Torbert's claim that his trial counsel rendered ineffective assistance by failing to have the weapon in question examined and tested is without merit for the same reason. Even assuming trial counsel's conduct was deficient, Torbert has failed to prove that the outcome of his trial would have been different had the weapon been examined. *See Strickland v. Washington*, 466 U.S. 668 (1984). Therefore, this claim is also without merit.

(*Id*. pgs. 8-10.) (*See also*, Doc. No. 14, Exh. 5, Section I, TR. 72-73.)

Based on a review of the Court of Criminal Appeals' decision on this issue as well as the court's own independent review of the record regarding this matter, this Court is satisfied that the Court of Criminal Appeals' decision on this issue was neither contrary to, nor unreasonable application of, federal law, nor an unreasonable determination in light of the facts presented. *See generally Estelle,* 502 U.S. at 70 (evidentiary rulings must result in a fundamentally unfair trial before they rise to the level of a due process violation).

*2. Ineffective Assistance of Counsel Claims.*

The Alabama Court of Criminal Appeals applied *Strickland v. Washington*, 466 U.S. 668 (1984) in affirming the lower court's decision with respect to Petitioner's claims of ineffective assistance of counsel. (Doc. No. 14, Exh. K, pg. 10-11.)   *Strickland* sets forth the clearly established federal law on this issue.  Thus, this court will determine whether the state courts' rejection of Petitioner's claims of ineffective assistance of counsel "resulted in

a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).

The Sixth Amendment right to counsel exists to protect the fundamental right to a fair trial.  Petitioner must satisfy the requirements of a two-pronged test to prevail on his claims of ineffective assistance of counsel.  First, Petitioner must establish that his attorney's performance "fell below an objective standard of reasonableness."  *Strickland* 466 U.S. at 688.  "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms."  *Id.*  Once this threshold test is met, the petitioner must then show that the deficient performance of his counsel prejudiced his defense.  *Id.* at 687.  To establish prejudice, Petitioner is required to show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  Unreliability or unfairness does not result if counsel's ineffectiveness does not deprive the defendant of any substantive or procedural right to which the law entitles him.  *Williams*, 529 U.S. at 393 n. 17.  There is a strong presumption that counsel's performance was reasonable and adequate and great deference is shown to choices dictated by reasonable trial strategy.  *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).  Any review of an ineffective assistance of counsel claim is conducted from the perspective of defense counsel based on facts "as they were known to counsel at the time of the representation."  *United States v. Teague*, 953 F.2d 1525, 1535 (11th Cir. 1992).

The test used to evaluate claims of ineffective assistance of trial counsel applies

14

equally to an analysis of claims of ineffective assistance of appellate counsel. *Jackson v. Dugger*, 931 F.2d 712, 715 (11th Cir. 1991). Appellate counsel cannot be deemed ineffective for failing to raise meritless claims on appeal. *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000); *Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir. 1994) ("[I]t is axiomatic that the failure to raise non-meritorious issues does not constitute ineffective assistance"). Ineffective assistance of appellate counsel may be shown if a petitioner can "establish ... that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker.... Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Mayo v. Henderson*, 13 F.3d 528, 533 (2nd Cir.1994). However, a criminal petitioner has not necessarily received ineffective assistance when his counsel fails to present every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 752 (1983).

The state courts did not decide Torbert's claims of ineffective assistance of counsel "differently than [the Supreme] Court has [in a case based] on a set a of materially indistinguishable facts" nor did the state court apply a rule that contradicts governing federal law. *Williams*, 362 U.S. at 412. Consequently, the state appellate court's rejection of the ineffective assistance of counsel claims was not contrary to actual Supreme Court decisions.

This court must therefore determine whether the Alabama Court of Criminal Appeal's decision to reject the ineffective assistance of counsel claims was an unreasonable application of the *Strickland* standard.

15

In determining whether the state court's decision is an unreasonable application of the law set out in [applicable] Supreme Court decisions, we need not decide whether we would have reached the same result as the state court if we had been deciding the issue in the first instance.  Instead, we decide only whether the state court's decision of the issue is objectively unreasonably.  *See Williams v. Taylor*, 529 U.S. 362, 411, 120 S.Ct. 1495, 1522, 146 L.Ed.2d 389 (2000) ("Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."); *Brown v. Head*, 272 F.3d 1308, [1313] (11th Cir. 2001)("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide.").

*Wright v. Secretary for the Dept. of Corrections*, 278 F.3d 1245, 1256 (11th Cir. 2002).

### a. Counsel's Failure to Have the Rossi Pistol Examined.

This Court has determined that the appellate court's determination upholding the trial court's decision not to grant Torbert's request to have the Rossi pistol examined and tested was neither contrary to, nor an unreasonable application of federal law.  Similarly, Torbert has made no showing that the actions of trial counsel unduly prejudiced him in this regard.  Accordingly, Torbert has failed to show the harm necessary to his claim of ineffectiveness.  *Strickland,* 466 U.S. 668.  Thus, the state appellate court's rejection of this ineffective assistance of counsel claim was objectively reasonable.  *See Williams v. Taylor, supra.*  This decision was likewise a reasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d)(2).  Consequently, Petitioner is not entitled to habeas relief

on this claim of ineffective assistance of counsel.

    *b. Counsel's Failure to Introduce Photographs Into Evidence.*

    Torbert complains that trial counsel acted deficiently when he failed to introduce into evidence a photograph that the State had which showed that a struggle between the victim, Petitioner, and Petitioner's co-defendant occurred as testified to by both Petitioner and his co-defendant. According to Petitioner, "[t]here is a photograph of a long deep scratch in the ceiling of the dwelling in question which is very consistent with [the co-defendant's] rifle being pushed up into the ceiling and through, which would have shed some light on the struggle that was going on in the dwelling."

    In addressing this issue, the appellate court found:

> Taking judicial notice of the records on direct appeal, there was no testimony by either Torbert or his co-defendant that the co-defendant's rifle scratched or "pushed up into" the ceiling of the dwelling where the crime occurred. Because neither co-defendant gave any indication in their testimonies that this "scratch" was imperative to their testimonies, trial counsel did not err by failing to seek to introduce the State's photograph of the scratch in the ceiling. Because trial counsel's conduct was not deficient, this claim that he rendered ineffective assistance is without merit. *See Strickland, supra.*

(Doc. No. 14, Exh. K, pg. 24.)

    Here, Petitioner has failed to demonstrate how counsel's failure to introduce the photograph in issue prejudiced him to the extent it cast doubt on the reliability of the trial. *See Strickland*, 466 U.S. at 689 (petitioner must overcome the presumption that counsel's actions "might be considered sound trial strategy" and are within "the wide latitude counsel

must have in making tactical decisions.").  Thus, the ruling by the appellate court that trial counsel's conduct with respect to this issue was not deficient and, therefore, did not constitute ineffective assistance of counsel, was neither "contrary to" nor an "unreasonable application of" Supreme Court precedent. As a result, Petitioner is not entitled to habeas relief on this claim.

### c.  Counsel's Failure to Properly Object to Expert Witness Testimony.

Torbert contends that trial counsel rendered a deficient performance when he failed to properly object to the trial court allowing the forensic pathologist to testify to the ultimate issue in the case.  According to Torbert, the pathologist's testimony with respect to the location of lacerations and abrasions on the victim supported the State's position that the victim was not an aggressor but was in a defensive position during the struggle with Petitioner and his co-defendant.  Consequently, Petitioner maintains that the pathologist's testimony was allowed to invade the province of the jury by deciding an ultimate issue of fact.

In addressing this claim of attorney error on appeal of the Rule 32 petition, the Court of Criminal Appeals, citing *Strickland*, *supra*, found the issue to be without merit. Specifically, the appellate court  determined that because the testimony was permissible under State law, "[t]rial counsel's conduct c[ould not] be held to be deficient for failing to object where no objection was warranted." (Doc. No. 14, Exh. K, pg. 14.) Because the state court's determination on this issue was neither contrary to, nor an unreasonable application

of, federal law, it shall not be disturbed.  *See Strickland*, 466 U.S. at 688 (deficient performance is performance which is objectively unreasonable under prevailing professional norms).

### d. Counsel's Failure to Object to Improper Questioning

Torbert argues that he received ineffective assistance of trial counsel where counsel failed to properly object to the State's questioning of one witness about the veracity of another witness.  According to Torbert, counsel's failure to object to this line of questioning invaded the province of the jury with respect to determining the credibility of witnesses, allowed witnesses to improperly comment on the testimony of other witnesses, violated his right to trial by jury, and denied him due process in violation of the Sixth and Fourteenth Amendments.

In addressing this claim on appeal, the Court of Criminal Appeals noted that counsel for Torbert's co-defendant did voice an objection "to the very questions about which Torbert now complains."  Because the trial court overruled the objections, the appellate court found that even if trial counsel had objected, the trial court clearly would not have ruled in his favor.  Concluding that trial counsel need not "perform fruitless acts in order to render effective assistance," the Court of Criminal Appeals determined that this claim had no merit because Petitioner had not demonstrated how counsel's conduct was deficient.  (Doc. No. 14, Exh. K, pgs. 14-15.)  Because Petitioner has failed to demonstrate that trial counsel's failure to make baseless objections was objectively unreasonable, the appellate court's decision on

this issue was neither contrary to, nor an unreasonable application of federal law. *See* *Strickland*, 466 U.S. at 689 (in evaluating trial counsel's performance, deference must be given to counsel's strategic decisions without the influence of hindsight when making the assessment).

      *e. Counsel's Failure to Establish Petitioner's Knowledge of the Victim's Reputation for Carrying a Weapon.*

      Torbert maintains that trial counsel failed to establish for the record that Torbert knew about the victim's reputation for and habit of carrying a pistol before the incident with the victim occurred. Torbert argues that counsel's conduct in failing to preserve this issue fell below an objective standard of reasonableness. Had the issue been properly preserved and the trial court persisted in its refusal to allow Torbert to testify concerning the victim's habit of carrying a weapon, Torbert contends his conviction would have to be reversed.

      The Alabama Court of Criminal Appeals addressed this issue and determined that:

> Torbert  presented 5 witnesses, including Torbert and the co-defendant, who testified to the victim's general reputation in the community for violence. Therefore, assuming, without finding, that trial counsel erred by failing to establish a proper predicate to allow the admission of testimony that the victim was known to carry a weapon, Torbert has failed to show that "the error complained of has probably injuriously affected [his] substantial rights." Rule 45, Ala. R. App. P.  Because error, if any, was harmless, Torbert has failed to show that the outcome of the proceedings against him would have been any different, or that an appeal of this issue would have resulted in a reversal; therefore, this claim is without merit. *See Strickland*, *supra*.

(Doc. No. 14, Exh. K, pg. 18.)

In order to establish prejudice, Torbert must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland,* 466 U.S. at 694. Here, Torbert has not met the prejudice prong of *Strickland* as he has failed to demonstrate how his proposed testimony concerning the victims' reputation for and/or habit of carrying a gun might have changed the jury's decision in light of the other evidence against him. Consequently, the state court's determination on this allegation of counsel's ineffectiveness shall not be disturbed as Torbert has failed to demonstrate that it is either contrary to, or an unreasonable application of, federal law. *See Strickland*, 466 U.S. at 694 (prejudice results when there is "a reasonable probability that but for counsel's unprofessional errors, the results of the proceeding would have been different.").

*f. Counsel's Failure to Question Witnesses Concerning Their Knowledge of the Victim's Reputation for Violence.*

Torbert asserts that trial counsel was ineffective for failing to cross-examine witness Anita Core concerning the victim's reputation in the community for violence or concerning her opinion of the victim's character. He further asserts that trial counsel failed to ask witness Willie Frazer on direct examination about the victim's reputation in the community for violence or his opinion of the victim's character. Essentially, Petitioner complains that trial counsel rendered an ineffective performance by failing to lay the proper predicate

necessary to allow introduction of the testimony at issue.

On direct appeal, Torbert presented this allegation in the context of trial court error. Specifically, he argued that he was due a new trial because the trial court denied him his Sixth Amendment right to cross examination and violated state rules of evidence by prohibiting counsel from offering evidence of the victim's bad character and from impeaching state witnesses. The appellate court determined that the Sixth Amendment issue had not been preserved on appeal. It further concluded that counsel chose not to cross-examine Ms. Core following cross-examination of this witness by counsel for Torbert's co-defendant. With regard to counsel's cross-examination of Mr. Frazer, the appellate court found that:

> Here, Frazer testified that he knew the victim had been involved in some fights, and he also stated that the victim acted peaceful whenever he was in contact with him. Frazer did not testify that, in his opinion, the victim had a good reputation for peaceableness. Before asking Frazer about the specific acts of the victim, defense counsel should have established that Frazer believed that the victim had a reputation for peaceableness. Because defense counsel did not establish the proper predicate for introducing testimony concerning the victim's conviction for assault, the trial court did not abuse its discretion in sustaining the state's objection.

(Doc. No. 14, Exh. D, pgs. 5-8.)

On appeal from the denial of his Rule 32 petition, the Court of Criminal Appeals addressed Torbert's contention that trial counsel was ineffective for failing to adequately question two witnesses concerning their knowledge of the victim's reputation for violence. The appellate court stated that it had addressed this same issue to some extent in Petitioner's co-defendant's direct appeal and found that the same rationale applied to Petitioner's case:

"The appellant [Derreck Washington] additionally argues that the trial court erred in limiting his cross-examination of Bennie Thomas and Anita Core. We disagree.

> "'When a prosecution witness testifies to the victim's good character for a pertinent trait, whether in the form of either reputation or opinion, the defense then has the right to cross-examine by testing the witness's knowledge of the victim's character. This cross-examination is generally accomplished by asking if the witness has heard or is aware of the victim's having committed relevant specific instances of conduct. Questioning may involve any act that is inconsistent with the character testimony given by the witness; usually meaning inconsistent with the trait of character testified to on direct. If the witness testifies to the victim's good reputation for peaceableness, for example, the cross-examiner may ask if the witness has heard or is aware of the victim's acts of violence.'"
> . . .
>
> *Washington v. State*, (No. CR-97-1846) 768 So.2d 1021 (Ala. Crim. App. 1999) (table).

(Doc. No. 14, Exh. K, pgs. 20-23.) On review of the record in the case of Torbert's co-defendant's, the appellate court found that neither witness Thomas nor witness Core testified on direct examination concerning the victim's general reputation in the community. (*Id*. pg. 21.) Thus, on review of Torbert's challenge to counsel's conduct in failing to adequately question witnesses Frazer and Core concerning their knowledge of the victim's reputation for violence, the Court of Criminal Appeals held:

> Because neither Thomas nor Core testified for the prosecution concerning the victim's good character, trial counsel did not have the right to cross-examine the witnesses by testing their knowledge of the victim's prior acts. Thus, the prosecution had not yet questioned the witnesses concerning the victim's good character, and trial counsel could not have questioned them about the victim's prior bad acts. Therefore, trial counsel's conduct was not deficient, and this claim is without merit. *See Strickland, supra*.

(*Id*. pg. 23.)

This Court  finds that Torbert has failed to show how the absence of the particular testimony in question had a "substantial and injurious effect or influence in determining the jury's verdict." *See Brecht v. Abrahamson,* 507 U.S. 619, 637-38 (1993).  Thus, even if the court assumed that trial counsel's conduct was deficient with respect to his questioning of witnesses Core and Frazer, Torbert has failed to demonstrate any prejudice.[5]  He has not demonstrated a reasonable likelihood that the verdict would have been different had Core and Frazer been allowed to testify about the victim's reputation for violence in the community or about his character. *See Routly v. Singletary,* 33 F.3d 1279, 1289 (11th Cir.1994) ("Decisions whether to engage in cross-examination, and if so to what extent and in what manner, are ... strategic in nature" and will not support an ineffective assistance claim).  The state court's decision with respect to this challenge to trial counsel's performance was not an unreasonable application of federal law nor an unreasonable determination in light of the facts presented, and Torbert is, therefore, not entitled to habeas relief.

### g. Counsel's Failure to Establish that Witnesses Believed the Victim had a Reputation

---

[5]The court notes that the Court of Criminal Appeals referred to witness Bennie Thomas rather than witness Willie Frazer in its  opinion affirming the lower court's denial of Petitioner's Rule 32 petition. Despite what appears to be an inadvertent reference to witness Thomas (*see* Doc. No. 14, Exh. K, pg. 6, for itemization of Petitioner's claims raised on appeal of the Rule 32 petition), the holding applies equally to witness Frazer. The court's review of the record reflects that on direct examination, Frazer was not questioned about the victim's good character.  (Doc. No. 14, Exh. H, TR. 154-175 & 208-213.). Thus, as with witnesses Thomas and Core, trial counsel did not have the right to question Frazer about the victim's prior bad acts and his conduct, therefore, was not ineffective.

24

*for Peaceableness.*

Torbert asserts that trial counsel failed to establish that Frazer and Core believed the victim had a reputation for peaceableness so that counsel could ask them about "numerous specific acts" that they and others knew about concerning the victim.[6]  Torbert does not state with any specificity what acts and/or conduct Frazer and Core might have testified to absent counsel's alleged deficient conduct.  Because Torbert has not provided sufficient information about what the proposed testimony would have been, he has failed to demonstrate how it might have changed the jury's decision.  Moreover, decisions regarding what evidence should be submitted to prove a defense theory are committed to the sound discretion of trial counsel.  Accordingly, Torbert has failed to establish that, but for counsel's error, the results of the proceeding would have been different.  *Strickland*, 466 U.S. at 694.

### h.  The Younger Attorney

Torbert states that he retained Tom Radney as counsel for his criminal case.  Mr. Radney's son, Thomas Radney, practices law with his father.  Torbert complains that it was not until the day of trial that he learned that Thomas Radney, "a young and inexperienced attorney," would be trying the case alone. Torbert attributes to Thomas Radney "numerous" mistakes due to his lack of legal experience.

---

[6]The court notes that the Court of Criminal Appeals found this particular claim to be defaulted because Petitioner failed to raise the claim in his post-conviction petition or in the supplement thereto.  (Doc. No. 13, Exh. K, pg. 7.)  Respondents addressed this claim without noting Petitioner's procedural default and, therefore, this court addresses the claim as well.

To the extent Torbert pled any allegedly deficient conduct by trial counsel with sufficient specificity, the Court of Criminal Appeals held that it had addressed such claims in its opinion affirming the trial court's decision to deny Torbert's post-conviction petition. This Court concludes that the appellate court's determinations with respect to Torbert's allegations of attorney error were neither contrary to, nor an unreasonable application of, federal law as determined by the Supreme Court, nor an unreasonable determination of the facts in light of the evidence presented.   Torbert has not demonstrated that his trial counsel was minimally competent.   Rather, the record supports the state court's findings that trial counsel discharged his duties in protecting Torbert's rights.   Thus, Torbert's right to "choose counsel" under the circumstances presented, was not violated.   Further, the record shows that Torbert neither requested the presence of the elder Radney or another attorney nor a continuance. Consequently, the court finds that Torbert's broad and conclusory assertion that Thomas Radney's lack of experience denied him the effective assistance of counsel does not warrant habeas relief.  *See Fisher v. Angelone*, 163 F.3d. 835, 852-53  (4th Cir. 1998), *cert. denied*, 119 S.Ct. 1290 (1999) (noting that with respect to claims of attorney error, like claims of trial court error, the cumulative-error analysis appraises only the effect of matters actually determined to be constitutional error and not the cumulative effect of all matters deemed deficient).

*i. Ineffective Assistance of Appellate Counsel.*

Torbert argues that appellate counsel performed deficiently with respect to his claims of ineffective assistance of counsel enumerated above in § I, ¶¶ (2), (6), (8), and (11).  In support of his claims against appellate counsel, Petitioner asserts that appellate counsel either failed to raise the  specific instances of ineffective trial counsel on appeal or, alternatively, appears to contend that the specific instances of trial attorney error were not properly preserved at trial and, thus, "w[ere] not [] issue[s] that Mr. Torbert's appellate attorneys could have raised on appeal" and they were, therefore, ineffective for presenting them on appeal.  (Doc. No. 1, Petitioner's Brief.)

In its decision affirming the post-conviction court's ruling, the Court of Criminal Appeals addressed Torbert's claims against appellate counsel in a footnote:

> [2] . . . .Torbert attached this, or similar, boilerplate language to the end of each of his ineffective assistance-of-trial-counsel claims in a scattergun approach to attempt to raise claims of ineffective assistance of appellate counsel.  Essentially, he argues that his appellate counsel was ineffective for failing to raise claims on appeal that were not preserved for appellate review.  He also appears to argue that his appellate counsel was also ineffective for actually raising claims on appeal that were not preserved for appellate review.  For the most part, his arguments concerning appellate counsel are inconsistent, bare allegations without clear, specific grounds.  Therefore, for the most part, we do not address them, and the circuit court appropriately summarily disposed of them.  *See* Rule 32.6(b), Ala. R. Crim. P.  However, to the extent that he pleads with particularity any ineffective-assistance-of-appellate-counsel-claims, those claims are addressed in conjunction with and in the same section as the corresponding ineffective-assistance-of-trial-counsel claims.

(Doc. No. 14, Exh. K, pg. 3 fn.2.)

As the undersigned has concluded herein, Torbert has failed to show the harm

necessary to support his claims of ineffective trial counsel.  *Strickland,*  466 U.S. 668.
Consequently, the court concludes that there was no basis for appellate counsel to allege
claims of ineffective assistance of trial counsel nor is there any evidence that appellate
counsel did not adequately represent Petitioner's interests on appeal.  Torbert  has failed,
therefore, to establish that appellate counsel provided ineffective assistance. *Strickland*, 466
U.S. at 687-688.

Accordingly,  the state court's rejection of Torbert's ineffective assistance of appellate
counsel claims was neither contrary to, nor an unreasonable application of, federal law. *See
Williams v. Taylor, supra.*  Consequently, Torbert is not entitled to habeas relief on his claims
of  ineffective assistance of appellate counsel.

### III.   CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that
the petition for habeas corpus relief filed by Rayshun Damorrow Torbert be denied and that
this case be dismissed with prejudice.  It is further

ORDERED that on or before **May 16, 2005** the parties shall file any objections to the
said Recommendation.  Any objections filed must specifically identify the findings in the
Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive
or general objections will not be considered by the District Court.  The parties are advised
that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the

Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.   *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).   *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).   *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 4th day of May, 2005.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE